IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 17-70045-JAD |
| | ) | |
| MICHAEL DAVID SCOTT, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | )X | |
| | ) | Adversary No. 17-7008-JAD |
| MICHAEL D. SCOTT, | ) | |
| | ) | Related to Doc. No. 59 |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION as Trustee Under Pooling and Servicing Agreement Dates as of May 1, 2006 GS NON P Trust 2006-HE3 Mortgage Pass Through Certificates Series 2006-HE3 and KORDE & ASSOCIATES PC, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) )X | |

## MEMORANDUM OPINION

This matter is a core proceeding, over which the Court has the requisite subject-matter jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)A), 157(b)(2)(B), 157(b)(2)G), 157(b)(2)(O), and 1334.

The background of this adversary proceeding is as follows. Debtor, Michael David Scott, commenced his bankruptcy case by filing for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) on January 25, 2017.

{00026325}

of a debt under 11 U.S.C. § 523(a)(4), (iii) grant injunctive relief concerning the imposition of stay pursuant to Fed.R.Bankr.P. 7001(7), and (iv) dismiss U.S. Bank's claim. See ECF No. 7 at pg. 1.

On August 16, 2017, the Debtor and U.S. Bank filed a *Stipulation and [Proposed] Order Approving the Settlement* (the "Stipulation). See 17-7008-JAD, ECF No. 54. The Stipulation directly references the Motion for Relief from Stay. See Stipulation at ¶ 10. Pursuant to the Stipulation, the parties agreed that the Debtor would have until December 15, 2017 to sell the Property, that if such sale were to occur the "Loan"[3] would be paid in full, but if no sale took place by that date that U.S. Bank would be granted relief from the automatic stay. Further, the Stipulation withdrew the Motion for Relief from Stay and discontinued the adversary proceeding with prejudice. See Stipulation at pg. 3.

The Stipulation was approved by this Court on August 25, 2017, and this adversary proceeding was subsequently closed on September 12, 2017.

Over sixteen months later, and over a year past the sale-by date of the Stipulation, the Debtor filed his *Motion to Enforce Stipulation Agreement* (ECF No. 59), which is the subject of this *Memorandum Order*.

The crux of the Debtor's argument is that in his view the parties agreed in the Stipulation that the original principal balance of the loan was $51,200, but now U.S. Bank is averring that the original balance was $511,200. Thus,

---

[3] The Stipulation defines "Loan" as the "Note, Mortgage, and associated origination documents" collectively. The "Note" is a note executed by the Debtor in favor of SouthStar Funding, LLC, which evidences a December 8, 2005 loan in the original principal amount of "$51,200.00"— the disputed amount as further explained sub judice. The Mortgage on 8 Tiffany Road, Bourne, MA 02532 (i.e. the Property) secures the Note. See Stipulation at ¶¶ 1-5.

3

*Status Conference, and [158] Motion to Invoke Judicial Estoppel Against U.S. Bank et al. and the Debtor Invokes Equitable Estoppel Filed by Plaintiff* (the "Feb. 21, 2019 Tr."), 17-7008-JAD, ECF No. 69. The parties have made their respective supplemental filings and this matter is ripe for decision.

### i. **The Misstatement of the Original Principal Balance is Not Binding**

A consensual stipulation between litigants is interpreted according to general principals of contract construction. See USX Corp. v. The Penn Cent. Corp., 130 F.3d 562, 566 (3d Cir. 1997)(citation omitted). Here, the question is whether the alleged misstatement of the original loan balance is binding on the parties.

The structure of the Stipulation is important to this analysis. The Stipulation itself contains an introductory paragraph and "Background" section of numbered paragraphs, followed by a "Therefore" clause. The "Therefore" clause reads as follows:

> **NOW THEREFORE**, the Parties hereby stipulate and agree as follows:
> A. Debtor shall have until December 15, 2017, to sell the Property;
> B. Creditor will stay all proceedings as to the Property through December 15, 2017;
> C. The Adversary is hereby marked discontinued with prejudice;
> D. Creditor's Stay Relief Motion is withdrawn and the hearing scheduled for August 25, 2017 is cancelled;
> E. If Debtor sells the Property, the sale proceeds will be used to pay the Loan in full; and
> F. In the event Debtor does not sell the Property on or before December 15, 2017, Creditor shall automatically and without further action by any Party or the Court, have relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to enforce its state court remedies, and the requirements of

In advancing his Motion to Enforce, the Debtor does not argue that any ambiguity exists in the operative part of the Stipulation—i.e. the portion of the Stipulation preluded by the statement "the Parties hereby stipulate and agree as follows[,]"—which would require this Court to look to the recitals for clarification. In the absence of any averment of ambiguity, the Debtor has failed to show that the recitals/background information control and that he is entitled to relief.[5]

### ii. The Loan Modification Agreement Moots Debtor's Argument

Moreover, even if this Court were to find that the recital of the original principal amount of the loan being mistaken as $51,200.00 was binding on the parties, such recital would have no net effect as the Stipulation further recognizes in the "Background" section that the loan was modified by Loan Modification Agreement on November 29, 2011. See Stipulation at ¶ 8.

With respect to the $51,200 figure that the Debtor relies upon, the Stipulation does not state that $51,200 is the current loan amount—it solely states that $51,200 was the original principal amount of the loan between the Debtor and SouthStar Funding, LLC. The Stipulation then goes on to state that

---

[5] Although it is not the role of this Court to make arguments for the parties, the Court notes that ¶ E of the operative part of the Stipulation reads: "If Debtor sells the Property, the sale proceeds will be used to pay the Loan in full[.]" As set forth in footnote 3, "Loan" is a term defined in the recitals to include the "Note" which evidences the loan of monies from SouthStar Funding, LLC to Debtor. While ¶ E indirectly references the loan identified in ¶ 1 (i.e. the recital subject of the Debtor's motion) the Court finds this reference insufficient to create an ambiguity since, as discussed more fully in the remainder of this *Memorandum Order*, (i) nothing in the Stipulation purports to establish the current amount due on the loan and (ii) the loan was modified from its original terms by the Loan Modification Agreement identified in ¶ 8 of the Stipulation.

7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 17-70045-JAD |
| | ) | |
| MICHAEL DAVID SCOTT, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| —————————————————X | | |
| | ) | Adversary No. 17-7008-JAD |
| MICHAEL D. SCOTT, | ) | |
| | ) | Related to Doc. No. 59 |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION as Trustee Under Pooling and Servicing Agreement Dates as of May 1, 2006 GS NON P Trust 2006-HE3 Mortgage Pass Through Certificates Series 2006-HE3 and KORDE & ASSOCIATES PC, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| —————————————————X | | |

### MEMORANDUM OPINION

This matter is a core proceeding, over which the Court has the requisite subject-matter jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)A), 157(b)(2)(B), 157(b)(2)G), 157(b)(2)(O), and 1334.

The background of this adversary proceeding is as follows. Debtor, Michael David Scott, commenced his bankruptcy case by filing for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) on January 25, 2017.

{00026325}

of a debt under 11 U.S.C. § 523(a)(4), (iii) grant injunctive relief concerning the imposition of stay pursuant to Fed.R.Bankr.P. 7001(7), and (iv) dismiss U.S. Bank's claim. See ECF No. 7 at pg. 1.

On August 16, 2017, the Debtor and U.S. Bank filed a *Stipulation and [Proposed] Order Approving the Settlement* (the "Stipulation). See 17-7008-JAD, ECF No. 54. The Stipulation directly references the Motion for Relief from Stay. See Stipulation at ¶ 10. Pursuant to the Stipulation, the parties agreed that the Debtor would have until December 15, 2017 to sell the Property, that if such sale were to occur the "Loan"[3] would be paid in full, but if no sale took place by that date that U.S. Bank would be granted relief from the automatic stay. Further, the Stipulation withdrew the Motion for Relief from Stay and discontinued the adversary proceeding with prejudice. See Stipulation at pg. 3.

The Stipulation was approved by this Court on August 25, 2017, and this adversary proceeding was subsequently closed on September 12, 2017.

Over sixteen months later, and over a year past the sale-by date of the Stipulation, the Debtor filed his *Motion to Enforce Stipulation Agreement* (ECF No. 59), which is the subject of this *Memorandum Order*.

The crux of the Debtor's argument is that in his view the parties agreed in the Stipulation that the original principal balance of the loan was $51,200, but now U.S. Bank is averring that the original balance was $511,200. Thus,

---

[3] The Stipulation defines "Loan" as the "Note, Mortgage, and associated origination documents" collectively. The "Note" is a note executed by the Debtor in favor of SouthStar Funding, LLC, which evidences a December 8, 2005 loan in the original principal amount of "$51,200.00"— the disputed amount as further explained sub judice. The Mortgage on 8 Tiffany Road, Bourne, MA 02532 (i.e. the Property) secures the Note. See Stipulation at ¶¶ 1-5.

3

*Status Conference, and [158] Motion to Invoke Judicial Estoppel Against U.S. Bank et al. and the Debtor Invokes Equitable Estoppel Filed by Plaintiff* (the "Feb. 21, 2019 Tr."), 17-7008-JAD, ECF No. 69. The parties have made their respective supplemental filings and this matter is ripe for decision.

### i. **The Misstatement of the Original Principal Balance is Not Binding**

A consensual stipulation between litigants is interpreted according to general principals of contract construction. See USX Corp. v. The Penn Cent. Corp., 130 F.3d 562, 566 (3d Cir. 1997)(citation omitted). Here, the question is whether the alleged misstatement of the original loan balance is binding on the parties.

The structure of the Stipulation is important to this analysis. The Stipulation itself contains an introductory paragraph and "Background" section of numbered paragraphs, followed by a "Therefore" clause. The "Therefore" clause reads as follows:

> **NOW THEREFORE**, the Parties hereby stipulate and agree as follows:
> A. Debtor shall have until December 15, 2017, to sell the Property;
> B. Creditor will stay all proceedings as to the Property through December 15, 2017;
> C. The Adversary is hereby marked discontinued with prejudice;
> D. Creditor's Stay Relief Motion is withdrawn and the hearing scheduled for August 25, 2017 is cancelled;
> E. If Debtor sells the Property, the sale proceeds will be used to pay the Loan in full; and
> F. In the event Debtor does not sell the Property on or before December 15, 2017, Creditor shall automatically and without further action by any Party or the Court, have relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to enforce its state court remedies, and the requirements of

In advancing his Motion to Enforce, the Debtor does not argue that any ambiguity exists in the operative part of the Stipulation—i.e. the portion of the Stipulation preluded by the statement "the Parties hereby stipulate and agree as follows[,]"—which would require this Court to look to the recitals for clarification. In the absence of any averment of ambiguity, the Debtor has failed to show that the recitals/background information control and that he is entitled to relief.[5]

### ii. The Loan Modification Agreement Moots Debtor's Argument

Moreover, even if this Court were to find that the recital of the original principal amount of the loan being mistaken as $51,200.00 was binding on the parties, such recital would have no net effect as the Stipulation further recognizes in the "Background" section that the loan was modified by Loan Modification Agreement on November 29, 2011. See Stipulation at ¶ 8.

With respect to the $51,200 figure that the Debtor relies upon, the Stipulation does not state that $51,200 is the current loan amount—it solely states that $51,200 was the original principal amount of the loan between the Debtor and SouthStar Funding, LLC. The Stipulation then goes on to state that

---

[5] Although it is not the role of this Court to make arguments for the parties, the Court notes that ¶ E of the operative part of the Stipulation reads: "If Debtor sells the Property, the sale proceeds will be used to pay the Loan in full[.]" As set forth in footnote 3, "Loan" is a term defined in the recitals to include the "Note" which evidences the loan of monies from SouthStar Funding, LLC to Debtor. While ¶ E indirectly references the loan identified in ¶ 1 (i.e. the recital subject of the Debtor's motion) the Court finds this reference insufficient to create an ambiguity since, as discussed more fully in the remainder of this *Memorandum Order*, (i) nothing in the Stipulation purports to establish the current amount due on the loan and (ii) the loan was modified from its original terms by the Loan Modification Agreement identified in ¶ 8 of the Stipulation.

7

Debtor owns[1] certain real property located at 8 Tiffany Road, Bourne, MA 02532 (the "Property"). See Amended Schedule A/B: Property, 17-70045-JAD, ECF No. 234. Following the commencement of the Debtor's bankruptcy case, on February 8, 2017, U.S. Bank[2] filed a *Motion of U.S. Bank, National Association, as Trustee Under the Pooling and Servicing Agreement Dated as of May 1, 2006, GSAMP Trust 2006-HE3, Mortgage Pass-Through Certificates, Series 2006-HE3 for Relief from the Automatic Stay under §362 Pursuant to Bankruptcy Procedure Rule 4001* ("Motion for Relief from Stay") at Case No. 17-70045-JAD, ECF No. 13.

In the Motion for Relief from Stay, U.S. Bank asserted that it is the holder of a mortgage on the Property in the original principal amount of $511,200.00 dated December 8, 2005. See Motion for Relief from Stay at ¶ 3. The Motion for Relief from Stay further asserted that the payoff due on the mortgage was $414,023.46. See Motion for Relief from Stay at ¶ 8.

A hearing was held on the Motion for Relief from Stay on March 8, 2017. That same day, the Debtor commenced this adversary proceeding by filing a complaint against U.S. Bank. See ECF No. 7 (the "Amended Complaint"). The *Adversary Proceeding Cover Sheet* accompanying the Amended Complaint indicates that the Debtor asserted claims to (i) determine the validity, priority, or extent of a lien under Fed.R.Bankr.P. 7001(2), (ii) determine dischargeability

---

[1] The Debtor avers that the Property is owned as tenants by the entireties with his non-debtor wife, Eunice M. James-Scott. See *Motion to Enforce Stipulation Agreement* ("Motion to Enforce"), 17-7008-JAD, ECF No. 49, at ¶ 2.

[2] U.S. Bank, National Association, as Trustee Under the Pooling and Servicing Agreement Dated as of May 1, 2006, GSAMP Trust 2006-HE3 Mortgage Pass-Through Certificates, Series 2006-HE3 ("U.S. Bank").

2

the Debtor argues that U.S. Bank is in breach of the Stipulation because the creditor claims it is owed hundreds of thousands of dollars. Specifically, Debtor now seeks to enforce paragraph 1 of the Stipulation which reads as follows: "On December 8, 2005, Debtor borrowed the original principal amount of $51,200.00 from SouthStar Funding, LLC ('*SouthStar*')." See Motion to Enforce at ¶¶ 3-4 (emphasis omitted).

In their response, U.S. Bank argues that the "$51,200" figure referenced by the Debtor was a drafting error (or an "Immaterial Error"). See *Opposition to Motion to Enforce Stipulation* ("Opposition"), ECF No. 66 at pg. 3, ¶8.[4] That error being the omission of a "1" from the correct $511,200 figure, to read instead "$51,200." Moreover, U.S. Bank argues that the Immaterial Error, which was included in the recitals of the Stipulation only, has no effect because:

> (1) the mis-statement of the Original Principal Amount was not any part of consideration for, nor a condition to, the Stipulation; (2) the Original Principal Amount is a matter of public record and was never disputed; and (3) [a Loan Modification Agreement] modified the principal amount in November 2011 making the Original Principal Amount irrelevant.

See Opposition at pg. 4, ¶ 5.

A hearing was held on the Motion to Enforce on February 21, 2019. The Court instructed that the parties each submit a supplemental brief addressing whether recitals/background information are an enforceable part of a contract. See *Transcript of [59] Motion to Enforce Stipulation Agreement Filed by Plaintiff,*

---

[4] The numbering of paragraphs in the *Opposition to Motion to Enforce Stipulation* is irregular. The Opposition includes four sections (I through IV). Under "I. Introduction" the paragraphs are numbered 1 through 3. Under "II. Facts" the numbering of paragraphs is restarted at 1 and continues through 10, after 10 the numbering restarts at 4 and continues through 13. "III. Argument" picks up at 14 and continues through 21. Accordingly, references to the Opposition will contain both page and paragraph numbers.

4

>  Federal Rule of Bankruptcy Procedure 4001(a)(3) shall be waived.

See Stipulation at pg. 3.

The recital at issue—that "[o]n December 8, 2005, Debtor borrowed the original principal amount of $51,200.00"—appears solely in the "Background" portion of the Stipulation.

Ordinarily, "[r]ecitals in a contract, such as 'whereas' clauses, are merely explanations of the circumstances surrounding the execution of the contract, and are not binding obligations unless referred to in the operative provisions of the contract." Mozdzierz v. Accenture, LLP, Civil Action No. 06-3877, 2010 U.S. Dist. LEXIS 115527, at *19 (citing 17A C.J.S. Contracts § 317 (2010)). As such, recitals to a contract will not control the operative clauses of that contract unless the operative clauses are themselves ambiguous. See Schaffran v. Mt. Vernon-Woodberry Mills, Inc., 70 F.2d 963, 965 (3d Cir. 1934) ("We are aware of the general rule that, 'If the recitals (in a contract) are clear and the operative part is ambiguous, the recitals govern the construction. If the recitals are ambiguous, and the operative part is clear, the operative part must prevail." (citation omitted)); see also Nelson Dairies, Inc. v. Royal, 6 Pa. D. & C.2d 371, 373 (Pa. Com. Pl. 1956)(observing the general rule that "recitals in a contract will not control the operative clauses thereof unless the latter are ambiguous.... In other words, recitals ... cannot control the clearly expressed stipulations of the parties; and where the recitals are broader than the contract stipulations, the former will not extend the latter." (citation omitted)).

"[o]n November 29, 2011, the loan was modified by way of a Loan Modification Agreement." See Stipulation at ¶ 8.

Affording the same weight to this "Loan Modification averment" as it would to the "Original Principal Balance averment," it appears to this Court that regardless of whether or not the Stipulation modified the original principal balance from $511,200 to $51,200, such adjustment would be irrelevant because the loan was modified from its original terms—which would include the original principal amount—by the Loan Modification Agreement. See Objection, at pg. 2, ¶ 2 (referencing the Loan Modification Agreement docketed at 17-70045-JAD, ECF No. 13, pgs. 30-39.) Thus, the terms of the Loan Modification Agreement would control.

The Court notes that a *Loan Modification Agreement* dated November 29, 2011 was attached as part of Exhibit "A" to U.S. Bank's Motion for Relief from Stay. This *Loan Modification Agreement* establishes a "New Principal Balance" of $663,416.47, with a "Deferred Principal Balance" of $245,416.47, and an "Interest Bearing Principal Balance" of $418,000.00. See Motion for Relief from Stay, Ex. A at pgs. 30-31.

The Debtor in his *Supplemental Motion to Enforce Stipulation Agreement* ("Supplement," ECF No. 72) argues that the Loan Modification Agreement is irrelevant because it was "pre-contractual conduct" (i.e. pre-Stipulation). See Supplement at ¶ 11. The Debtor then argues that to disregard a single recital (i.e. the recital listing the original principal balance at $51,200) would require all recitals to "have no real meaning." See Supplement at ¶¶ 15-16. However,

that is exactly what the Debtor asks this Court to do—he asks this Court to disregard the recital acknowledging that the original principal balance, whatever the amount, was modified by the Loan Modification Agreement. Again, the Stipulation does not state that the original principal balance "is" or "is modified to," it states that $51,200 was the original principal balance borrowed by the Debtor on December 8, 2005, which was subsequently modified by agreement. See Stipulation at ¶¶ 1 & 8.

Accordingly, even if this Court were to find that the recitals are binding on the parties—which it does not—the Court would still deny the Debtor's Motion to Enforce.

Based on the foregoing, the Court **HEREBY ORDERS, ADJUDGES, AND DECREES** that the Debtor's *Motion to Enforce Stipulation Agreement* (ECF No. 59) is **DENIED**. An Order consistent with this Memorandum Opinion shall be entered.

Dated: April 26, 2019

_____
The Honorable Jeffery A. Deller
United States Bankruptcy Judge

cc:  Debtor
     U.S Bank, National Association
     Chapter 7 Trustee

FILED
4/26/19 8:42 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

9